UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MARTY T.,[1]

                Plaintiff,

      v.

COMMISSIONER, Social Security
Administration,

                Defendant.

_____

Case No. 6:20-cv-00996-MK

**OPINION
AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Marty T. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his application for disability

insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security

Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to

42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders

and judgement in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C.

§ 636(c). *See* ECF No. 7. For the reasons that follow, the Commissioner's final decision is

AFFIRMED.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI in July 2017 with an amended alleged onset date of September 12, 2014. Tr. 16.[2] Plaintiff's application was denied initially and upon reconsideration. Tr. 16, 62–63, 82–83. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in June 2019. Tr. 32. On April 22, 2019, an ALJ issued a partially favorable decision finding Plaintiff was not disabled within the meaning of the Act through prior to March 1, 2017, but became disabled on that date for purposes of SSI benefits; the ALJ also found Plaintiff was not disabled from at anytime through December 31, 2014 (his date last insured), for purposes of Plaintiff's DIB claim. Tr. 24. The Appeals Council denied Plaintiff's request for review on April 23, 2020, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 50 years old on his alleged onset date. Tr. 63. He has a high school degree and past relevant work as a welder, metal assembler, and a maintenance worker. Tr. 22. Plaintiff alleges disability due to "heart attack, coronary artery disease, dyslipidemia, hypertension, angina, and blocked arteries in both legs." Tr. 224.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] "Tr." Citations are to the Administrative Record. ECF No. 11.

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also*

*Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold

the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quotation omitted).

 The initial burden of proof rests upon the claimant to establish disability. *Howard v.*

*Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

 The Commissioner has established a five-step process for determining whether a person

is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First,

the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's]

physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments since the amended alleged onset date of disability: acute myocardial infarction; chronic obstructive pulmonary disease ("COPD"); and hypertension. *Id*. The ALJ also found that beginning March 2, 2017, Plaintiff had the

additional severe impairment of peripheral artery disease with lower extremity claudication. Tr. 18–19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 19. The ALJ found that the record established two distinct RFCs with the principal difference being the capability to perform light work in the former as opposed to sedentary work in the latter. Thus, prior to March 1, 2017, Plaintiff had the RFC to perform *light work* as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except that he could occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds. Tr. 19. Beginning on March 1, 2017, however, Plaintiff had the RFC to perform *sedentary work* as defined in 20 CFR §§ 404.1567(a) and 416.967(a) except he could occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds. Tr. 21.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found that beginning on March 1, 2017, in light of Plaintiff's age, education, work experience, and revised RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform and he was thus entitled to SSI benefits. Tr. 24. However, the ALJ also found that, prior to the March 2017 date, Plaintiff was not disabled within the meaning of the Act and thus not entitled to DIB. Tr. 25.

## DISCUSSION

Plaintiff asserts remand is warranted for two reasons: (1) the ALJ failed to provide a germane reason for rejecting the third-party statement from Plaintiff's wife; and (2) the ALJ failed to supply a legally permissible reason for rejecting the opinion of Plaintiff's cardiologist.

///

///

## I.    Lay Witness Testimony

As noted, Plaintiff assigns error to the ALJ's evaluation of his wife's lay witness statement. Pl.'s Br. 10, ECF No. 12. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account.[3] *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (remaining citation omitted)). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)).

Here, Plaintiff's wife submitted a lay witness statement in support of his disability claim. Tr. 265–70. The ALJ discounted these statements because she "made many similar comments as the claimant." Tr. 21. An ALJ may discount lay testimony that is substantially similar to a claimant's allegations where the ALJ properly rejected the claimant's subjective symptom testimony. *See Valentine*, 574 F.3d 694. Significantly, Plaintiff did not challenge the ALJ's

---

[3] "Regulations applicable to SSI claims filed after March 27, 2017 . . . state that an ALJ is 'not required to articulate how [she] considered evidence from nonmedical sources.' 20 C.F.R. §§ 404.1520c(d), 416.920c(d). The Ninth Circuit has not yet addressed whether the new regulations upend the Ninth Circuits rule requiring germane reasons for discounting lay witness testimony. *See Robert U. v. Kijakazi*, No. 3:20-cv-1817-SI, 2022 WL 326166, at *7 (D. Or. Feb. 3, 2022) (noting that the Ninth Circuit has not addressed the question and that courts in this district are split, but concluding that 'the ALJ must continue to give germane reasons for discounting lay witness testimony' because the new regulations did not unambiguously remove the obligation). Here, Defendant seems to concede that the Ninth Circuit's precedent still applies. *See* ECF [No. 13 at 13]." *Gregory E. H. v. Comm'r, Soc. Sec. Admin.*, No. 6:20-cv-01559-IM, 2022 WL 843393, at *6 (D. Or. Mar. 22, 2022). The Court agrees with the well-reasoned decisions that have held that ALJs "must continue to give germane reasons for discounting lay witness testimony" and that "under the new regulations that an ALJ's failure to address lay testimony is error." *Kimberly T. v. Kijakazi*, No. 3:20-cv-1543-SI, 2022 WL 910083, at *7 (D. Or. Mar. 29, 2022).

evaluation of his subjective symptom testimony. Although Plaintiff argues the lay witness statement differed from Plaintiff's own self-reports, the ALJ's conclusion was a reasonable interpretation of the record and therefore must be upheld. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (explaining that variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record). As such, the ALJ's rejection of the lay witness testimony is supported by substantial evidence and therefore affirmed.

## II.    Medical Opinion Evidence

Plaintiff next challenges the ALJ's assessment of the medical opinion evidence. Pl.'s Br. 8. For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) ("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their]

decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the

"more relevant the objective medical evidence and supporting explanations presented by a

medical source are to support [their] medical opinion[ ], the more persuasive the medical

opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the

"more consistent a medical opinion[ ] is with the evidence from other medical sources and

nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20

C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the

providers relationship with the claimant; however, they are not required to do so except in a

limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. They do, however, dispute the

impact the new regulations have on existing Ninth Circuit caselaw. [4] *See, e.g.*, *Robert S. v. Saul*,

No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (noting that "the

Commissioner revised agency regulations to eliminate the hierarchy of medical opinions");

*Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020)

(noting that the "hierarchy [for treatment of medical opinion evidence] underpinned the

requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject

an uncontradicted doctor's opinion and specific and legitimate reason where the record contains

contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new

regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See*

*Robert S.*, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (collecting cases).

---

[4] Plaintiff asserts that ALJs must continue to supply "specific and legitimate" reasons for rejecting
a medical opinion despite the promulgation of the new regulation. Pl.'s Br. 10, ECF No. 12. The
Commissioner argues that the case law requiring ALJs to supply "clear and convincing" reasons
for rejecting an uncontradicted medical opinion and "specific and legitimate" reasons for a
contradicted opinion are superseded by the new regulations. Def.'s Br. 12.

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Yuckert*, 482 U.S. at 145 ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

The sole medical opinion at issue here is that of Samuel Lau, M.D. Dr. Lau began treating Plaintiff in March 2011. Tr. 557. In May 2018, the doctor completed a treating source statement, in which he explained that Plaintiff suffered from "stress induced chest discomfort" and that he would need to lie down or rest periodically during the day. Tr. 558. Dr. Lau could not estimate the number of minutes Plaintiff could sit, stand, or walk at any one time or during an eight-hour workday. Tr. 559. When asked how many city blocks Plaintiff could walk without rest or significant pain, the doctor answered "prob[ably] 2 blocks." *Id.* Dr. Lau responded to multiple questions in the statement that they would "prob[ably be] best answered by an occupational therapist." Tr. 559–61.

The ALJ rejected the doctor's opinion because (1) the doctor did not complete "forms provided to assess [Plaintiff's] functioning"; and (2) the doctor supplied "vague comments"

about Plaintiff "need[ing] to rest during the day" and "could probably walk two blocks at a time."

The ALJ's rationale rational was a legally sufficient reason to discount Dr. Lau's opinion. *See, e.g.*, *Khal v. Berryhill*, 690 F. App'x 499, 501 (9th Cir. 2017) (affirming rejection of medical opinion because the use of the word "probably" was equivocal); *Glosenger v. Comm'r of Soc. Sec. Admin.*, No. 3:12-cv-01774, 2014 WL 1513995, *6 (D. Or. Apr. 16, 2014) (affirming the ALJ's rejection of functional restrictions assessed by a doctor who used "equivocal language" such as "might do better" and "would also likely require"); *Fern v. Colvin*, 6:12-cv-00176-KI, 2013 WL 1326605, at *7 (D. Or. Mar. 28, 2013) ("Plaintiff would have the ALJ read Dr. Northway's opinion to mean Fern 'would have' difficulty maintaining sustained attention, but Dr. Northway's opinion was more equivocal than that, using the word 'might.'"). Such statements may be rejected by an ALJ because they are not diagnoses or descriptions of a claimant's functional capacity. *See Valentine*, 574 F.3d at 691–92. The ALJ therefore properly rejected Dr. Lau's vague, equivocal opinion.  As such, the ALJ's evaluation of the medical opinion evidence is supported by substantial evidence and is therefore affirmed.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 18th day of April 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge